ANDRÉ BIROTTE JR.
United States Attorney
DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Section
ROBERT J. KEENAN (Bar No. 151094)
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
411 West Fourth Street
Suite 8000
Santa Ana, California 92701
Telephone:  (714) 338-3597
Facsimile:  (714) 338-3708
E-Mail:     Rob.Keenan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. SA CR 10-0028-JVS |
| | ) | |
| Plaintiff, | ) | PLEA AGREEMENT |
| | ) | |
| v. | ) | [18 U.S.C. § 1424] |
| | ) | [18 U.S.C. § 1425] |
| | ) | [18 U.S.C. § 1524] |
| CONCETTA VASQUEZ, | ) | [42 U.S.C. § 408(a)(6)] |
| aka "Jane Doe," | ) | |
| aka Michelle Llacuna, | ) | |
| aka Michelle L. Anunciacion,) | | |
| | ) | |
| Defendant. | ) | |

1.   This constitutes the plea agreement between defendant

CONCETTA VASQUEZ ("defendant"), who has previously been

identified in this case as "Jane Doe" and who has used the names

"Michelle Augustine Llacuna" and "Michelle L. Anunciacion," and

the United States Attorney's Office for the Central District of

California ("the USAO") in the above-captioned case.  This Agreement is limited to the USAO and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

<div align="center">**GUILTY PLEAS**</div>

2.    Defendant agrees to plead guilty to all four counts of the four-count indictment on file in the above-captioned case, <u>United States v. Jane Doe, a/k/a "Michelle L. Anunciacion,"</u> Case No. SA CR 10-0028-JVS.  Defendant admits that she is, in fact, guilty of the offenses as described in counts one through four of the indictment.

<div align="center">**NATURE OF THE OFFENSES**</div>

3.    In order for defendant to be guilty of count one of the indictment, which charges a violation of 18 U.S.C. § 1424, the following must be true: (1) defendant was an applicant in a naturalization or citizenship proceeding; and (2) defendant, as such applicant, knowingly personated another or appeared falsely in an assumed or fictitious name.

4.    In order for defendant to be guilty of count two of the indictment, which charges a violation of 18 U.S.C. § 1425, the following must be true: (1) defendant procured naturalization; (2) defendant procured naturalization knowingly; (3) defendant was not entitled to naturalization; and (4) defendant knew that she was not entitled to naturalization, or knew that she was making misrepresentations on her naturalization petition or in her naturalization interview or both.

5.    In order for defendant to be guilty of count three of the indictment, which charges a violation of 18 U.S.C. § 1542,

the following must be true: (1) defendant willfully and knowingly made a false statement in an application for a United States passport; and (2) defendant did so with the intent to induce and or secure issuance of a passport for her own use or the use of another.

6.    In order for defendant to be guilty of count four of the indictment, which charges a violation of 42 U.S.C. § 408(a)(6), the following must be true: (1) defendant willfully and knowingly furnished false information to the Social Security Administration ("SSA"); and (2) defendant did so with the intent to deceive the SSA as to her true identity.

## PENALTIES

7.    The statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 1424 is as follows: 5 years imprisonment; a fine of $250,000; a 3-year period of supervised release; and a mandatory special assessment of $100.  The statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 1425 is as follows: 10 years imprisonment; a fine of $250,000; a 3-year period of supervised release; and a mandatory special assessment of $100.  The statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 1542 is as follows: 10 years imprisonment; a fine of $250,000; a 3-year period of supervised release; and a mandatory special assessment of $100.  The statutory maximum sentence that the Court can impose for a violation of 42 U.S.C. § 408(a)(6) is as follows: 5 years imprisonment; a fine of $250,000; a 3-year period of supervised release; and a mandatory special assessment of $100.  Therefore,

1  the total maximum sentence for the offenses to which defendant is
2  pleading guilty is as follows: 30 years imprisonment; a fine of
3  $1,000,000; a 3-year period of supervised release; and a
4  mandatory special assessment of $400.

5       8.   Supervised release is a period of time following
6  imprisonment during which defendant will be subject to various
7  restrictions and requirements.  If defendant violates one or more
8  of the conditions of any supervised release imposed, he may be
9  returned to prison for all or part of the term of supervised
10  release, which could result in defendant serving a total term of
11  imprisonment greater than the statutory maximum stated above.

12       9.   If defendant is presently on probation, parole, or
13  supervised release in another case, a conviction in this case may
14  cause the court or parole authorities responsible for any such
15  other case to revoke defendant's probation, parole, or supervised
16  release.

17       10.   A conviction in this case may have collateral
18  consequences that the Court has no power to control, and
19  unanticipated collateral consequences will not serve as grounds
20  for a defendant to later withdraw a guilty plea.  A conviction in
21  this case may cause defendant to lose certain civic rights or
22  benefits, such as the right to vote, the right to possess a
23  firearm, the right to hold office, the right to serve on a jury,
24  and the revocation of a professional license.  Moreover, because
25  defendant's guilty pleas will admit that she obtained
26  naturalization as a U.S. Citizen through fraud and under false
27  pretenses, a conviction in this case will cause defendant to be
28  denaturalized (i.e., have her status as a U.S. Citizen revoked)

and may subject defendant to deportation or removal from the United States (which may be mandatory, in some cases) or otherwise affect defendant's immigration status.

### **FACTUAL BASIS**

11.   Defendant and the USAO agree and stipulate to the following statement of facts, which defendant concedes could be proved to a jury beyond a reasonable doubt at trial:

(a)   On February 23, 2000, defendant was an applicant in a naturalization and citizenship proceeding.  As such, she knowingly personated another and appeared falsely in an assumed and fictitious name, specifically, the name of "Michelle Augustin Llacuna," in connection with a naturalization ceremony and other proceedings on defendant's application to become a naturalized United States citizen.

(b)   On February 23, 2000, defendant knowingly procured for herself, contrary to law, naturalization as a United States citizen and documentary and other evidence of such naturalization, to which she was not entitled.  Specifically, defendant knowingly procured naturalization for herself, contrary to law, by making material false statements in connection with her application for naturalization, including statements (a) that her name was "Michelle Augustin Llacuna"; (b) that certain information accurately specified the names of her parents, her date of birth, and her place of birth; and (c) that defendant had never given false testimony for the purpose of obtaining an immigration

benefit.  In truth, as defendant well knew,
(a) "Michelle Augustin Llacuna" was not her true name;
(b) the information regarding the names of defendant's
parents, defendant's date of birth, and defendant's
place of birth were all untrue; and (c) defendant had
given false testimony to obtain an immigration benefit
to which she was not entitled, including false sworn
statements regarding her name and other identifying
information in support of her application for an
immigrant visa and alien registration (by which she
fraudulently obtained admission into the United States
and issuance of a permanent resident alien card), and
her application for naturalization and related
proceedings.  Defendant also procured her
naturalization as a United States citizen contrary to
law, and to which she was not entitled, because she had
obtained her permanent residency status by fraud.

        (c)  On January 5, 2001, defendant willfully and
knowingly made a false statement in an application for
a United States passport.  She did so with the intent
to induce and secure for her own use the issuance of a
passport under the authority of the United States,
contrary to the laws regulating the issuance of such
passports and the rules prescribed pursuant to such
laws, in that, in such application, defendant stated
that her name was "Michelle Augustin Llacuna" and
provided other information regarding the names of her
parents, her date of birth, and her place of birth.  In

truth and fact, as defendant knew, her name was not

"Michelle Augustin Llacuna" and her other identifying

information was also false.

(d)   On July 20, 2007, defendant, with intent to

deceive the Commissioner of Social Security as to her

true identity, knowingly and willfully furnished and

caused to be furnished false information to the

Commissioner of Social Security with respect to

information required by the Commissioner of Social

Security in connection with the establishment and

maintenance of the records provided for in Title 42,

United States Code, Section 405(c)(2), in that, in an

application for a replacement Social Security Card,

defendant knowingly and willfully made false statements

as to her name, the names of her parents, her date of

birth, and her place of birth.

(e)   After her naturalization, defendant did not

make a false claim to U.S. citizenship, although it was

procured by a false statement.

**WAIVER OF CONSTITUTIONAL RIGHTS**

12.   Defendant understands that, if she pleads guilty,

there will be no trial.  By pleading guilty, defendant

understands that she is giving up all of the following rights,

which she agrees to waive at the change of plea hearing:

(a)   The right to persist in a plea of not guilty;

(b)   The right to a speedy and public trial by jury;

(c)   The right to the assistance of counsel at

trial, including, if defendant could not afford an

1  attorney, the right to have the Court appoint one for

2  defendant;

3      (d)  The right to be presumed innocent and to have

4  the burden of proof placed on the Government to prove

5  defendant guilty beyond a reasonable doubt;

6      (e)  The right to confront and cross-examine

7  witnesses against defendant;

8      (f)  The right, if defendant wished, to testify on

9  her own behalf and present evidence in opposition to

10  the charges, including the right to call witnesses and

11  to subpoena those witnesses to testify; and

12      (g)  The right not to be compelled to testify,

13  and, if defendant chose not to testify or present

14  evidence, to have that choice not be used against

15  defendant.

16  13.  By pleading guilty, defendant also gives up any and

17  all rights to pursue any affirmative defenses, Fourth Amendment

18  or Fifth Amendment claims, and other pretrial motions that have

19  been filed or could be filed (e.g., motions to suppress evidence

20  or dismiss the indictment on any ground).

21                    **SENTENCING FACTORS**

22  14.  In determining defendant's sentence, the Court is

23  required to consider the factors set forth in 18 U.S.C.

24  § 3553(a)(1)-(7), including the sentencing range established

25  under the United States Sentencing Guidelines.  Defendant

26  understands that the Sentencing Guidelines are only advisory and

27  not binding on the Court under <u>United States v. Booker</u>, 543 U.S.

28  220 (2005).  Defendant thus understands that, after "considering"

the Sentencing Guidelines and the other § 3553(a) factors, the
Court is free to exercise its discretion to impose any sentence
up to the maximum set by statute for the crimes of conviction.

15.   Defendant understands the following: As used in this
Agreement, the terms "depart," "departure," "adjust,"
"adjustment," and "specific offense characteristics" shall have
the same meaning as in the Sentencing Guidelines.   The terms
"vary" and "variance" mean any decision by the Court under
Booker, on whatever grounds, to impose a sentence that is above
or below the determined Guidelines' sentencing range.   "Total
Adjusted Offense Level" means the offense level calculated by the
Court based on consideration of all special offense
characteristics and Chapter 3 or 4 adjustments, but before
considering whether to grant any departure or variance.

16.   Defendant and the USAO agree and stipulate to the
following applicable sentencing guideline factors, based on the
November 1, 2005 Guideline Manual:

**COUNT ONE: False Personation in Naturalization Proceeding**

**Base Offense Level**         8     U.S.S.G. § 2L2.2(a)

**Specific Offense
Characteristics**

Defendant fraudulently
obtained a United States
passport:                     +4     U.S.S.G. § 2L2.2(b)(3)(A)

                 SUB-TOTAL:   12

**COUNT TWO: Unlawful Procurement of Naturalization**

| | | |
|---|---|---|
| **Base Offense Level** | _8_ | U.S.S.G. § 2L2.2(a) |

**Specific Offense Characteristics**

| | | |
|---|---|---|
| Defendant fraudulently obtained a United States passport: | +4 | U.S.S.G. § 2L2.2(b)(3)(A) |
| SUB-TOTAL: | 12 | |

**COUNT THREE: False Statement in Passport Application**

| | | |
|---|---|---|
| **Base Offense Level** | _8_ | U.S.S.G. § 2L2.2(a) |

**Specific Offense Characteristics**

| | | |
|---|---|---|
| Defendant fraudulently obtained a United States passport: | +4 | U.S.S.G. § 2L2.2(b)(3)(A) |
| SUB-TOTAL: | 12 | |

**COUNT FOUR: Furnishing False Information to Social Security**

| | | |
|---|---|---|
| **Base Offense Level** | _8_ | U.S.S.G. § 2L2.2(a) |

**Specific Offense Characteristics**

| | | |
|---|---|---|
| Defendant fraudulently obtained a United States passport: | +4 | U.S.S.G. § 2L2.2(b)(3)(A) |
| SUB-TOTAL: | 12 | |

**CHAPTER 3 ADJUSTMENTS**

| | | |
|---|---|---|
| Highest Count-Specific Sub-Total (from above): | _12_ | |
| Grouping of counts-- No additional increase: | _0_ | U.S.S.G. § 3D1.2(b) |
| Acceptance of Responsibility: | _-2_ | U.S.S.G. § 3E1.1 |

**TOTAL ADJUSTED OFFENSE LEVEL:**          **10**

Defendant and the USAO agree to not argue for application of any other specific offense characteristic or adjustment. Defendant reserves the right to argue for a downward departure under the Guidelines, and she reserves the right under <u>Booker</u> to argue for a downward "variance," that is, any sentence that she believes to be fair and reasonable. The USAO reserves the right to make all arguments in opposition to a defense motion for, or USPO recommendation of, a downward departure or variance. The USAO agrees to make no motion for an upward departure or upward variance.

17. There is no agreement as to defendant's criminal history or criminal history category.

18. The stipulations in this Agreement do not bind either the United States Probation Office or the Court. The Court will determine the facts and calculations relevant to sentencing. Both defendant and the USAO are free to: (a) supplement the facts stipulated to in this Agreement by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the calculation of the sentence, and (c) argue on appeal and collateral review that the Court's sentencing calculations are not error; <u>provided</u>, <u>however</u>, that each party agrees to maintain its view that each and every fact set forth in Paragraph 11's statement of Factual Basis are true and correct and that the Sentencing Guideline stipulations in Paragraph 16 are consistent with the facts of this case.

**DEFENDANT'S OBLIGATIONS**

19.   Pursuant to this Agreement, defendant agrees to do all of the following things:

(a)  To plead guilty as set forth in this Agreement and not thereafter move to withdraw her guilty pleas.

(b)  To waive, without reservation, all of the rights referenced in Paragraphs 12 and 13 of this Agreement.

(c)  To not knowingly and willfully fail to abide by all sentencing stipulations contained in this Agreement.

(d)  To not knowingly and willfully fail to (i) appear as ordered for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

(e)  Not to commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c)(2) (e.g., traffic infractions) are not within the scope of this Agreement.

(f)  To not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

(g)  To pay the applicable special assessments at or before the time of sentencing, unless defendant lacks the ability to pay.

1          (h)   Pursuant to 8 U.S.C. § 1451(a), defendant

2    stipulates to the entry of an order revoking her

3    citizenship and cancelling the Certificate of

4    Naturalization, Number 25515737, because she illegally

5    procured her United States citizenship in the manner

6    detailed in the indictment and Paragraph 11 of this

7    Agreement.   The Proposed Order Revoking Citizenship is

8    attached hereto as Exhibit A.   Upon entry of the Order

9    Revoking Citizenship, defendant agrees to immediately

10   surrender her Certificate of Naturalization, Number

11   25515737, any copies thereof in her possession, along

12   with any other indicia of United States citizenship in

13   defendant's name or any other alias name (e.g., U.S.

14   Passport) to the Attorney General of the Department of

15   Justice, or one of his representatives.   Defendant

16   understands that upon entry of the Order Revoking

17   Citizenship, she will not be legally able to claim any

18   rights, privileges, or advantages from her revoked

19   United States citizenship obtained as a result of her

20   February 23, 2000 naturalization and that doing so will

21   subject her to possible criminal and civil penalties.

22   Defendant agrees that neither she nor her heirs or

23   assigns will challenge her denaturalization by any

24   means, including but not limited to, any appeal

25   (whether administrative or judicial), any collateral

26   attack, or any application for injunctive action, or

27   equitable relief.   Defendant understands and agrees

28   that upon entry of an order revoking her United States

1  citizenship, she will revert to her former status as a

2  Lawful Permanent Resident and she may be subject to the

3  institution of removal proceedings, as a deportable

4  alien, under section 237 of the Immigration and

5  Nationality Act ("INA"), 8 U.S.C. § 1227, or any future

6  INA provision defining classes of deportable aliens,

7  based on defendant's convictions in this case.

8  **USAO'S OBLIGATIONS**

9  20.   If defendant complies fully with all of her

10  obligations under this Agreement, the USAO agrees to do the

11  following:

12  (a)  To abide by all sentencing stipulations

13  contained in this Agreement.

14  (b)  At the time of sentencing, provided that

15  defendant demonstrates an acceptance of responsibility

16  for the offense up to and including the time of

17  sentencing, to recommend a two-level reduction in the

18  applicable sentencing guideline offense level, pursuant

19  to U.S.S.G. § 3E1.1, and an additional one-level

20  reduction if available under that section.

21  (c)  As to the term of confinement, to recommend

22  that defendant be sentenced at the low-end of the

23  applicable Guidelines range provided that the Total

24  Adjusted Offense Level as calculated by the Court is

25  __10__ and provided that the Court does not depart

26  downward from the Total Adjusted Offense Level or

27  Criminal History Category.  The government reserves the

28  right to argue that any term of confinement be

satisfied by imprisonment, not home detention or in a
community confinement center.  If, for any reason, the
Court determines defendant's Total Adjusted Offense
Level is higher than 10, the USAO agrees to argue for a
downward <u>Booker</u> variance for a term of imprisonment
that is at the low-end of the sentencing range
applicable to Level 10.

<div align="center">**BREACH OF AGREEMENT**</div>

21.   If, at any time between the execution of this
Agreement and her sentencing, defendant knowingly violates or
fails to perform any of her obligations under this Agreement ("a
breach"), the USAO may declare defendant to be in breach of this
Agreement.  If the USAO declares this Agreement breached, and the
Court finds such a breach to have occurred, defendant will not be
able to withdraw her guilty pleas, but the USAO will be relieved
of all of its obligations under this Agreement.

<div align="center">**WAIVERS OF APPEAL AND COLLATERAL ATTACK**</div>

22.   Defendant waives and gives up the right to appeal her
conviction on all counts to which she pleads guilty.  Defendant
also waives and gives up the right to appeal any term of
imprisonment imposed by the Court, and the manner in which the
sentence is determined, <u>provided</u> that the following conditions
are satisfied: (a) the prison term is within the statutory
maximum specified above; (b) the Court determines that the Total
Adjusted Offense Level is   10   or below; (c) the Court does not
depart upward from the Total Adjusted Offense Level or Criminal
History Category; and (d) the Court imposes a sentence within or
below the Guidelines sentencing range that corresponds to the

determined Total Adjusted Offense Level and Criminal History
Category.   Defendant also waives and gives up the right to appeal
(a) any standard condition of supervised release set forth in the
Court's General Orders 318 and 01-05; (b) the drug/alcohol use
and testing conditions mandated by 18 U.S.C. §§ 3563(a)(5),(b)(7)
and 3583(d); and (c) any special condition to which defendant
does not object at or before sentencing.

23.   Defendant waives and gives up any right to bring a
post-conviction collateral attack on her conviction and sentence,
except a post-conviction collateral attack based on a claim of
ineffective assistance of counsel, a claim of newly discovered
evidence, or a retroactive change in the applicable Sentencing
Guidelines, sentencing statutes, or statutes of conviction.

24.   The USAO gives up its right to appeal the sentence,
provided the following conditions are satisfied: (a) the Court
determines that the Total Adjusted Offense Level is __10__ or
above; (b) the Court, in determining the applicable guideline
range, does not depart downward from the Total Adjusted Offense
Level or criminal history category; and (c) the Court imposes a
sentence within or above the range corresponding to the
determined Total Adjusted Offense Level and Criminal History
Category.

### COURT NOT A PARTY TO AGREEMENT

25.   The Court is not a party to this Agreement and need
not accept any of its stipulations or the USAO's sentencing
recommendations.   Even if the Court ignores any sentencing
recommendation, finds facts or reaches conclusions different from
any stipulation, and/or imposes any sentence up to the maximum

1 | established by statute, defendant cannot, for that reason,

2 | withdraw her guilty pleas, and defendant will remain bound to

3 | fulfill all of her obligations under this Agreement.  No one --

4 | not the prosecutor, defendant's attorney, or the Court -- can

5 | make a binding prediction or promise regarding the sentence

6 | defendant will receive, except that it will be within the

7 | statutory maximum.

8 | <center>**SCOPE OF AGREEMENT**</center>

9 |         26.    This Agreement applies only to those crimes charged in

10 | the pending indictment and the disposition thereof, as well as

11 | the denaturalization of defendant's status as a U.S. citizen.

12 | This Agreement has no effect on any other crimes not charged in

13 | the pending indictment.  This Agreement shall not preclude or

14 | have any other effect on any motions or orders in this case that

15 | are collateral to defendant's change of plea or sentencing or on

16 | any other separate proceedings against defendant not mentioned

17 | expressly herein, including any past, present, or future

18 | forfeiture actions.

19 | <center>**NO OTHER AGREEMENTS**</center>

20 |         27.    This Agreement sets forth the entire agreement between

21 | defendant and the USAO.  Except as set forth herein, there are no

22 | promises, understandings, or agreements, written or oral, express

23 | or implied, between the USAO and defendant or defendant's

24 | counsel.  Nor may any additional agreement, understanding, or

25 | condition, including any modification of this Agreement, be

26 | entered into except by (1) a writing signed by all parties or

27 | (2) by an oral modification that is expressly identified on the

28 |

record as an intended modification of this Agreement and that is
subscribed to expressly by all parties on the record in court.

### AGREEMENT PART OF GUILTY PLEA HEARING

28.    This Agreement shall be considered part of the record
of defendant's guilty plea hearing as if the entire Agreement had
been read into the record of the proceeding.

### EFFECTIVE DATE

29.    This Agreement is effective upon signature by
defendant, her counsel, and an Assistant United States Attorney.

AGREED AND ACCEPTED:

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

ANDRÉ BIROTTE JR.
United States Attorney


_____          _August 12, 2010._
ROBERT J. KEENAN                   Date
Assistant United States Attorney


### AGREED AND ACCEPTED BY DEFENDANT:

I have read this Agreement in its entirety, and I have
thoroughly discussed every part of it with my attorney.  I have
had enough time to review and consider the Agreement.  I
understand the terms of this Agreement, and I freely and
voluntarily agree to those terms.

I have had a satisfactory opportunity to talk with my
attorney about the evidence against me.  My attorney has advised
me of my rights, of possible defenses, of the Sentencing
Guideline provisions, and of the consequences of entering into

1  this Agreement.  I am satisfied with my attorney's representation
2  of me in this matter.

3      No promises, inducements, or representations of any kind
4  have been made to me by anyone (including the prosecutor, agents,
5  or my attorney) other than those contained in this Agreement.  In
6  particular and without limitation, no one has told me that I will
7  receive any particular sentence or a sentence within any
8  particular range, except that my sentence will not exceed the
9  statutory maximum permitted by law.  No one has threatened me or
10  used force against me, or persons close to me, in any way to get
11  me to enter into this Agreement.  I am agreeing to plead guilty
12  because I am guilty as charged, not for any other reason.

13      I understand the consequences of pleading guilty.  Among
14  other things, I understand that, if I plead guilty in Court in
15  accordance with this Agreement, there will be no trial, the
16  government will be relieved of its burden of proving me guilty,
17  and there will be nothing left for the Court to do but sentence
18  me.  There will be no trial because I will be convicted based on
19  my own admission of guilt.

20
21  _____        _____
    CONCETTA VASQUEZ                    Date 8/10/10
22  Defendant

23

24  **DEFENSE COUNSEL'S CERTIFICATION**:

25      I am the attorney for CONCETTA VASQUEZ, the defendant in
26  this case, who has thus far been referred to in this case as JANE
27  DOE a/k/a "Michelle Llacuna" and "Michelle L. Anunciacion."  I
28  have carefully discussed every part of this Agreement with my

1  client.  I have fully advised my client of her rights, of

2  possible defenses, of the Sentencing Guidelines' provisions, and

3  of the consequences of entering into this Agreement.  To my

4  knowledge, my client's decision to enter into this Agreement is

5  an informed and voluntary one.  I have made no promises or

6  representations to my client that she will receive any particular

7  sentence or a sentence within any particular range, except that

8  the sentence will not exceed the statutory maximum sentence

9  permitted by law, nor any promises contrary to the advisements

10  contained in this Agreement.

11

12  _____          _____
    AMY M. KARLIN                     Date
    Counsel for Defendant                8/10/10

13

14  _____
    Cuauhtemoc Ortega
    Counsel for defendant

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANDRÉ BIROTTE JR.
United States Attorney
DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Section
ROBERT J. KEENAN (Bar No. 151094)
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
411 West Fourth Street
Suite 8000
Santa Ana, California 92701
Telephone:   (714) 338-3597
Facsimile:   (714) 338-3708
E-Mail:      Rob.Keenan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. SA CR 10-0028-JVS |
| | ) | |
| Plaintiff, | ) | [PROPOSED] ORDER REVOKING CITIZENSHIP |
| | ) | |
| v. | ) | |
| | ) | |
| CONCETTA VASQUEZ, | ) | |
| aka Michelle Llacuna, | ) | |
| aka Michelle L. Anunciacion, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant CONCETTA VASQUEZ, previously referred to in the above-captioned case as "JANE DOE," and who has used the names "Michelle Augustine Llacuna" and "Michelle Llacuna Anunciacion," having admitted to procuring her naturalization as a U.S. Citizen under a false personation and through related false statements in violation of 18 U.S.C. §§ 1424 and 1425, including in her

1  Application for Naturalization and Sworn Statement related to the

2  Oath Ceremony, and consenting to an order revoking citizenship in

3  her name:

4      IT IS HEREBY ORDERED THAT the naturalization of defendant

5  ordered by the Attorney General of the United States admitting

6  defendant to United States citizenship on February 23, 2000 is

7  revoked and set aside, and the Certificate of Naturalization

8  No. 25515737 is cancelled.

9      IT IS FURTHER ORDERED THAT defendant, from the date of this

10  Order, is forever restrained and enjoined from claiming any

11  rights, privileges, or advantages under any document that

12  evidences United States citizenship in her true name, CONCETTA

13  VASQUEZ, or the false name and personation that she used to

14  obtain U.S. citizenship, "Michelle Augustine Llacuna," or the

15  derivative married name that she has used most recently,

16  "Michelle Llacuna Anunciacion."

17      IT IS FURTHER ORDERED THAT defendant surrender and deliver

18  the Certificate of Naturalization, No. 25515737, and any copies

19  thereof in her possession (and to make good faith efforts to

20  recover and then surrender any copies thereof that she knows are

21  in possession of others) to the Attorney General or authorized

22  representatives of the U.S. Department of Justice immediately;

23  and return any other indicia of United States citizenship and any

24  copies thereof in her possession (and to make good faith efforts

25  to recover and then surrender any copies thereof that she knows

26  are in possession of others), including, but not limited to, any

27      / /

28      / /

Date: August 6, 2010 v.2                    2

United States passport, voter registration card, and other voting

documents issued to defendant.

     IT IS SO ORDERED.

     Dated: August __, 2010.


_____
          JAMES V. SELNA
UNITED STATES DISTRICT JUDGE


Respectfully submitted:

ANDRÉ BIROTTE JR.
United States Attorney

DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Section


   /s/ R.J.K.
_____
ROBERT J. KEENAN
Attorneys for Plaintiff
UNITED STATES OF AMERICA

Date: August 6, 2010 v.2        3